# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT ALABAMA
### NORTHERN DIVISION

**GREGORY KELLY AND
ANNETTE B. KELLY**

**6213 Willow Glenn Dr.
Montgomery, AL 36117**

**PLAINTIFFS**

2:26-cv-00253-RAH-SMD

**v.**

**JURY TRIAL DEMANDED**
**Case No.: ------------------------**

**MONTGOMERY HOUSING
AUTHORITY, et al.
MONICA WHITING** in her individual and official capacity;
**GLYNIS TANNER** in her individual and official capacity;
**CHRIS M. MOORE** in her individual and official capacity;
**JOHN KNIGHT** in his individual and official capacity;
**PAUL M. HANKINS** in his individual and official capacity;
**SONYA MOCKS** in her individual and official capacity;
**EDWIN BERTARELLU** in his individual and official capacity;
**JA'MESE HAWKINS** in his individual and official capacity;
**WILLIE DURHAM** in his individual and official capacity;

**525 South Lawrence Street
Montgomery, AL 36104**

**DEFENDANTS**

1

The  Plaintiffs, Gregory Kelly and Annette B. Kelly , allege as follows:

## COMPLAINT

1. The Plaintiffs, Gregory Kelly and Annette B. Kelly, file this  civil action clam for violations of the Fair Housing Act (42 U.S.C. §§ 3604, 3617), ADA Title II (42 U.S.C. § 12132), Sections 508 and 504  of the Rehab Act (29 U.S.C. § 794), and 42 U.S.C. § 1981 (make and enforce contracts)  and 42 U.S.C. § 1982 (same  rights as white citizens,) and 42 U.S.C. §  1983 (Due Process) under the Fourteenth Amendment and 42 U.S.C. § 1985 (Conspiracy to interfere  with Civil Rights )  and deprivation of civil rights (18 U.S.C. § 242)  against the Montgomery Housing Authority ( MHA ) and the individuals named above.

## I.    JURISDICTION & VENUE

2.  This Court has federal-question jurisdiction under 28 U.S.C. § 1331, because Plaintiff brings claims under  the Federal Housing Laws  and Federal Civil Rights Laws under  42 U.S.C. § 1983 (Due Process)  and 42 U.S.C. § 1985 (Conspiracy against Rights )    and  the ADA Act Law.

3.  Venue is proper in this District under 28 U.S.C. § 1391(b) because all acts occurred in Montgomery, AL

## II.    PARTIES

4. **PLAINTIFF,  GREGORY KELLY,**  is an elderly individual , over 65 years old male  is  suffering from Keratoconus, Glaucoma Blindness in the left eye; multiple lumbar herniated discs, left hemisphere Transient Ischemic Attack (TIA); and Major Depressive Disorders, PTSD stress, and reoccurring anxiety disorders caused by **STATE SPONSORED  hate crimes, and Gender base violence( GBV) cruelty  crimes**

2

5. **PLAINTIFF, ANNETTE B. KELLY,** is an elderly individual , over 65 years old female who is suffering from **MEMORY LOST** and Major Depressive Disorders, PTSD stress, and reoccurring anxiety disorders caused by **STATE SPONSORED** hate crimes, and Gender base violence( GBV) cruelty crimes

6. **DEFENDANT, MONTGOMERY HOUSING AUTHORITY,** is the largest provider of affordable housing in Montgomery, AL and MHA , offering public housing and the Housing Choice Voucher Program (Section 8), with a mission to create sustainable housing and promote independence

7. **MONICA WHITING** individual and official capacity

8. **GLYNIS TANNER** individual and official capacity

9. **CHRIS M. MOORE** individual and official capacity

10. **JOHN KNIGHT** individual and official capacity

11. **PAUL M. HANKINS** individual and official capacity

12. **SONYA MOCKS** individual and official capacity

13. **EDWIN BERTARELLU** individual and official capacity

14. **JA'MESE HAWKINS** individual and official capacity

15. **WILLIE DURHAM** individual and official capacity

### III.   FACTUAL SUMMARY (SHORT FORM)

16. The Plaintiffs claim that they have been retaliated against by the Defendants for filing **two(2) civil lawsuits against the Defendants.**
    a) Federal lawsuit's Civil Action **No 2:24-cv-00166-MHT-JTA Kelly v. Montgomery Housing Authority et al**
    b) State lawsuit's Civil Action **No. 03-CV-2024-000042 Kelly v. Montgomery Housing Authority, et al**

3

17. The Plaintiffs additionally claim that they have been retaliated against and subjected to adverse actions by the Defendants **for filing US -HUD and EEOC complaints against the Defendants.**

18. The Plaintiffs also claim that they have been retaliated against by the Defendants **for filing OSHA complaints against the Defendants.**

19. The MHA Defendants Blacklisted the Plaintiffs for disclosing and reporting information about MHA employees and US -HUD contractors were conspiring to violate the INA laws by knowingly transporting, housing, harboring and/ or shielding undocumented workers from ICE raids at US -HUD Homes, Townhouses and Apartment Buildings Construction sites

20. The Plaintiffs say that they have been retaliated against by the Defendants for filing state Ethic complaints against the Defendants involve conflicts of interest, misappropriation of funds, or discriminatory practices,

21. The Plaintiffs additionally contend that MHA Defendants have been conspiring against the Plaintiffs them to silence them from speaking out about a pattern of violations under FHA Act rule 42 U.S.C. § 3617 .

22. The MHA Defendants have been conspiring to silence Plaintiffs from speaking out about violations under **US -HUD's rule 24 C.F.R. § 982.555**

23. The Defendants have violated 42 U.S.C. § 1983 (Due Process) since when **July 8, 2022** which is date the Defendants unilaterally cancelled the Plaintiff rental agreements after a house fire WITHOUT written notice

24. The Plaintiffs also contend that MHA Defendants retaliated against the Plaintiffs under the SOX Act for alleged severe financial fraud and obstruction, with penalties up to **20 years in prison** and $5 million in fines for willful certification of false financial reports **(Section 906)** and altering documents **(Section 802),** improper influence on audits **(Section 303),** and whistleblower retaliation **(Section 1107).**

4

## IV.    CAUSES OF ACTION

### COUNT 1:
### VIOLATION OF CIVIL RIGHTS ACT OF 1866, 42 U.S.C §§1981)
### (AGAINST ALL DEFENDANTS)

25. The MHA Defendants and their employees have violated Civil Rights Act of 1866 as amended , 42 U.S.C §1981 *guarantees: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.*

### COUNT 2:
### VIOLATIONS OF CIVIL RIGHTS  SECTION §1982
### (AGAINST ALL DEFENDANTS)

26. The MHA Defendants and their employees have knowingly and intentionally **VIOLATED**   the Civil Rights Act of 1866 as amended, 42 U.S.C §1982 guarantee: *All citizens shall have the same rights, in every State and Territory as is enjoyed by white citizens therefore to inherit, purchase, lease, see, hold, and convey real and personal property*

### COUNT 3
### DERIVATION  OF CIVIL RIGHTS
### PURSUANT TO 18 U.S.C. § 242 UNDER THE COLOR OF LAW
### (AGAINST ALL DEFENDANTS)

27. The MHA Defendants and their employees have colluded in a conspiracy against rights (18 U.S.C. § 241) and  committed deprivation of rights under color of law (18 U.S.C. § 242) are federal criminal statutes used to prosecute officials who willfully conspire to violate individuals' Constitutional rights.

## COUNT 4
## DUE PROCESS VIOLATIONS (42 U.S.C. § 1983)
## (AGAINST ALL DEFENDANTS)

28. The MHA Defendants terminated **UNILATERALLY VOID AND NULLIFIED   MS RHONDA WEBSTER'S** Section 8 Voucher Housing Agreement Contract after a house fire  **WITHOUT NOTICES** , and without formal  hearings, or opportunities  to dispute the termination of  **MS. RHONDA WEBSTER'S  Section 8 Voucher Housing contract.**

## COUNT 5
## VIOLATIONS OF HUD RULES 24 C.F.R. § 982.555 (Informal Hearings):
## ( (AGAINST ALL DEFENDANTS)

29. The Defendants violated mandatory federal regulations  under 24 C.F.R. § 982.555 (Informal Hearings)which  establishes the right of a participant family to an informal hearing to contest certain PHA decisions, such as the termination of assistance or income determinations.

## COUNT 6
## RETALIATION   UNDER FHA ACT  24 C.F.R. § 982.555
## (AGAINST ALL DEFENDANTS)

30. Under 24 CFR § 982.555,  the Plaintiffs were denied  the right to participate  in an  informal hearings to dispute termination of assistance  under the  Section 8 Housing Voucher Programs , where  MHA Defendants retaliated against    the Plaintiffs  for reporting  organized criminal activities  at  the MHA Defendants public housing units which fueled  organized criminal activities  in and around the Montogmerty River Region.

31. **The  MHA Defendants have  failed  to reimburse $39,950.00 due to MISSED INCOME FOR 5 YEARS  AND MISSED AMOUNTS  IS LISTED AS  SHOWN BELOW:**

    a)  **July  8, 2022** -------------------------------$5,100.00

    b)  2023---------------------------------------10,200.00

    c)  2024 --------------------------------------10,200.00

    d)  2025 --------------------------------------10,200.00

    e)  2026 to Present Date: ----------------------4,250.00

**Total Amount Due:----------------------------$39,950.00**

32. The Plaintiffs admit  the MHA  Defendants    and MHA  Defendants employees have    subjected  the  Plaintiffs to a reprisal act  when they    deny reimbursement to the  Plaintiffs  under  Section  8 Housing  Rental Benefits  of **$39,950.00 which caused  the   Plaintiffs MISSED Section  8 Housing Rental   INCOME FOR approximately  four and half (4.5 ) years.**

## COUNT 7
## FIRST AMENDMENT RETALIATION  VIOLATIONS PURSUANT TO SECTION § 1983 OF THE CIVIL RIGHTS ACT (AGAINST ALL DEFENDANTS)

33. The MHA  Defendants **have retaliated   and** took adverse action against them the  Plaintiffs   voiding, terminating  and cancelling Section 8 Housing Contracts  **WITHOUT any hearing despite HUD requirements  of** :

    **a)**  Written  Termination Notice(s)
    **b)**  Evidence  to support  cause  of action(s)
    **c)**  Informal hearing and/or
    **d)**  Opportunity to dispute BEFORE termination of lease agreements

34. The MHA Defendants **also have retaliated and discriminated against Plaintiff Gregory Kelly by denying him employment and training opportunities for the following MHA jobs:**

   a) Housing Specialist II -Date Applied 4-4-2026
   b) Chief Operating Officer  - Date Applied 12-12-2025
   c) Assistance Property Manage- Date Applied 6-12-2025
   d) Maintenance Foreman - Date Applied 4-17-2025
   e) Director of Residential Services  - Date Applied 4-17-2025
   f) President/CEO of MHA  - Date Applied 4-17-2025

35. The MHA Defendants **in 3rd Party have retaliated acts which occurred on:**

   a) **On or about April 22 of 2015 involving 3rd party retaliation abuses, Plaintiff Kelly's daughter ("Audra Kelly") was denied Projected Based Housing**
   b) **On or about November 9 of 2015 involving 3rd party retaliation abuses, Plaintiff Kelly's daughter ("Audra Kelly") was denied Projected Based Housing**
   c) **On or about December 9 of 2015 involving 3rd party retaliation abuses, Plaintiff Kelly's daughter ("Audra Kelly") was denied Projected Based Housing.**

36. Each of the MHA Defendants have committed acts of reprisal under Section § 1983 of the Federal Civil Rights Act.

## COUNT 8
## CONSPIRACY AGAINST CIVIL RIGHTS(42 U.S.C. § 1985)
## (AGAINST ALL DEFENDANTS)

37. Said speech played a substantial part in Defendants' decision to deny reimbursement to the Plaintiffs under Section 8 Housing Rental Benefits of **$39,950.00 which caused the Plaintiffs to miss Section 8 Housing Rental INCOME FOR about four and half (4.5) years.**

38. Each of the MHA Defendants have committed acts to further the conspiracy under Section § 1985 of the Federal Civil Rights Act.

8

## COUNT 9
### DISABILITY DISCRIMINATION VIOATIONS
### (ADA Title II - 42 U.S.C. § 12132)
### (AGAINST ALL DEFENDANTS)

39. Under **ADA Title II (42 U.S.C. § 12132)**, the Defendants have discriminated against the Plaintiffs due to their disabilities and violated the **ADA Title II (42 U.S.C. § 12132)**, mandates which explicitly includes ensuring that all web content and mobile applications are accessible

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the jury will award him, based on the facts and circumstances of this case, an amount of money to adequately compensate the Plaintiff and to sufficiently punish the Defendants so as to deter such action in the future.

**Respectfully Submitted April 9 of 2026.**

By: _____

**Gregory Kelly, Plaintiffs**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com

By: _____

**Annette B. Kelly ,Plaintiffs**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com

9